## Commonwealth v. Heyser

*Henry S. Miller*, assistant district attorney, for Commonwealth.

*Raymond Pearlstine*, of *Wisler, Pearlstine, Talone & Gerber*, for defendant.

KNIGHT, P. J., May 15, 1947.—Defendant was charged before a justice of the peace with cruelty to domestic animals in violation of section 942 of The Penal Code of June 24, 1939, P. L. 872. He was convicted and fined and now has sought leave to appeal to this court.

The petition for an allocatur avers that the justice acted in an oppressive manner in that he refused to hear all of the witnesses called by defendant and that a doubtful legal question is involved.

The petition sets forth facts in reference to the hearing before the magistrate which, in our opinion, would justify the allowance of an appeal. We do not believe that the justice was intentionally arbitrary and oppressive, but that he assumed as a matter of law that leaving a horse out in a field without shelter constituted cruelty.

Counsel by stipulation have agreed that the question involved is: "whether or not leaving a horse unattended out-of-doors under the circumstances of weather, etc., shown by the record of this case, constitutes a violation of the Act of June 24, 1939, P. L. 872, sec. 942."

The circumstances as revealed by the transcript are that defendant left a horse out in an open field without shelter during the night of January 2, 1947, and all day of January 3rd. On the night of January 2, 1947, it rained and the field was covered with ice and snow. There was no evidence as to the kind of a horse it was or its physical condition.

Under the circumstances above related, it might well be considered cruelty to allow some horses to remain in the open, but we are not prepared to say that it would be wanton cruelty to allow any horse to remain in the open, and this is the view that the magistrate took of the situation. Nature has provided a winter coat of thick and waterproof hair, which protects horses against the cold and rain. Shetland ponies, for instance, are exceptionally able to withstand the cold weather in comfort. What kind of a coat has this horse, was it inured to living in the open or was it usually kept in a stable and then allowed to remain in the open on the days in question? What was the physical con-

dition of the horse? These are all matters which must be considered in determining if defendant was wantonly cruel to his dumb beast. Domestic animals that live in the open are often healthier and more vigorous than those penned up.

The justice evidently concluded that a person who allowed any horse to remain in the open under the circumstances here related was guilty of cruelty.

With this conclusion we cannot agree. We do not hold that defendant is not guilty of the charge, but we do hold that he should be given the right to have his case heard in this court.

And now, May 15, 1947, the rule is made absolute and an appeal allowed.